RAZZANO WALSH & TORRES, P.C.
JOSHUA D. WALSH
Pan American Building
139 Murray Blvd. Suite 100
Hagåtña, Guam 96910
Telephone: (671) 989-3009
Facsimile: (671) 989-8750
Electronic Service: eservice@rwtguam.com

*Attorneys for Plaintiff*
*Patrick Artero*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| PATRICK ARTERO,<br><br>    Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>    Defendant. | Case No. 25-00025<br><br><br>**COMPLAINT;**<br>**JURY DEMAND** |

Plaintiff, PATRICK ARTERO, alleges:

### NATURE OF THE ACTION

1. The Plaintiff was employed by the Defendant, and was discriminated against due to, and as retaliation for engaging in protected activities, including filing previous complaints with the Equal Employment Opportunity Commission (EEOC). The result of the discrimination was, among other things, a continued withholding of pay and benefits due to him, as well as withholding from him of professional development advancement opportunities. The Defendant also is being discriminated against on the basis of disability, (mental and physical impairment), and age. Additionally, the Defendant's policies have a disparate impact on the Plaintiff.

2. Plaintiff seeks relief under the Title VII of the Civil Rights Act of 1964, as Amended, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§

1

12101 et seq., (ADA), and under the Age Discrimination in Employment Act of 1967, as amended, (the Act) 29 U.S.C.A. §§ 621 et seq.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C.A. § 1331 and 29 U.S.C.A. § 794a, and the Americans With Disabilities Act of 1990 (ADA) and The Age Discrimination in Employment Act of 1967 (ADEA).

4. The unlawful employment practices complained of were committed in the Federal Judicial District of Guam, thus, venue in this court is proper pursuant to 28 U.S.C.A. § 1391(b) and 29 U.S.C.A. § 794a.

5. The court has supplemental jurisdiction over Plaintiffs third claim for relief pursuant to 28 U.S.C.A. § 1367.

## PARTIES

6. Plaintiff is a citizen of the United States and a resident of the Territory of Guam.

7. Plaintiff is a 53 year old individual with a disability, having been diagnosed with depression, anxiety, and tinnitus connected to his service as an active-duty member of the United States Army infantry, and has accessed protected processes under the EEOC.

8. At all times in this Complaint, Plaintiff was employed by the Defendant in the role of a Commodity Inspector for the Guam Department of Agriculture.

9. The Defendant Government of Guam is a territory of the United States that operates through autonomous and line agencies. The Guam Department of Agriculture is a line agency of the Government of Guam.

10. Defendant is an "employer" engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, as defined by 42 U.S.C.A. § 12111(5).

11. On information and belief, Defendant Department of Agriculture is a recipient of federal financial assistance or operates a program which is a recipient of federal funding.

## ADMINISTRATIVE PROCEDURE

12. Plaintiff timely filed a Charge of Discrimination against Defendant with the Guam Department of Labor and cross-filed the respective Charges with the Equal Employment Opportunity Commission ("EEOC"); Charge No. 480-2024-06150. Plaintiff received a communication from the Equal Employment Opportunity Commission dated February 27, 2025, Los Angeles time, informing him that he may proceed with a suit under the ADEA, and that a Notice of Right to Sue would be processed and issued by the EEOC.

13. Ninety days have not passed since receipt of the Notice.

## GENERAL ALLEGATIONS

14. Plaintiff began working for the Guam Department of Agriculture in 1994.

15. The Plaintiff has been medically diagnosed with depression, anxiety, and tinnitus.

16. Plaintiff's impairments affect major life activities, including, but not limited to, hearing, walking, performing manual tasks, lifting, reaching, standing, stooping, twisting, climbing, bending, squatting, kneeling, sleeping, caring for himself, cognitive and emotional functioning, learning, concentration, memory,

3

processing information, thinking, performing multiple tasks simultaneously, interpersonal communication, and interaction with others

17. Mr. Artero has brought forward prior charges before the EEOC regarding the conduct of his employer. That complaint caused his leadership to subject him to a hostile work environment, and included disparaging remarks and conduct related to Mr. Artero's medical disability and age.

18. Since bringing his EEOC Charge of discrimination, he has been denied opportunities to participate in training outside of the island of Guam

19. Mr. Artero's supervisor, acting for the Department, also consistently selects younger individuals for these training opportunities.

20. The selection of the younger employees for the training opportunities is not legitimately connected to the age of employees.

21. Mr. Artero is regularly excluded from supervisor meetings he should otherwise be a participant in.

22. Mr. Artero's supervisor, Mr. Christopher Rosario, also subjects Mr. Artero to unjustified disciplinary measures and repeated threats of termination.

23. Mr. Artero's supervisor has also improperly denied Mr. Artero merit pay by delaying performance evaluations and falsely recounting Mr. Artero's actual workplace performance.

24. Mr. Artero was subjected to retaliation for previously engaging in protected activity, which refers to his filing of a complaint with the Equal Employment Opportunity Commission (Charge No. 486-2022-00044), which Plaintiff received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission via email on September 23, 2022.

4

25. These actions violate Title VII of The Civil Rights Act of 1964, as amended.

26. By letter dated February 27, 2025, and received thereafter by Mr. Artero the EEOC indicated that it would be processing and issuing a Right to Sue.

27. Mr. Artero's accessing of EEOC procedure caused his leadership to subject him to a hostile work environment, and included disparaging remarks and conduct related to Mr. Artero's disability condition and his age.

28. While Mr. Artero's complaints most directly involve other employees in a supervisory role over him, the conduct of the Department toward Mr. Artero was caused by the Department's senior leadership, under the direction of Chelsa Muna-Brecht.

29. The hostile work environment that Mr. Artero continues to be subjected to is related to an earlier period where the Defendant excluded Mr. Artero from pay that he was otherwise entitled to.

30. The Department has ignored grievances filed by Mr. Artero related to his being subjected to discriminatory conduct.

31. As a direct and proximate result of the Defendant's violations of the Civil Rights Act, Plaintiff has lost and will continue to lose compensation, fringe benefits, training, and promotional opportunities.

### FIRST CLAIM FOR RELIEF
#### RETALIATION AGAINST EMPLOYEE FOR ACCESSING EEOC PROCEDURES

32. Plaintiff incorporates paragraphs 1 through 31 inclusive, as though fully set forth here.

33. Plaintiff was at all times material hereto an employee covered by Title

VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-3(a), prohibiting discrimination in employment through reprisal for the employee's engagement in protected activities.

34. Defendant is, and at all times material hereto was, prohibited by 42 U.S.C.A. § 2000e-3(a) from discriminating through reprisal because of an employee's participation in protected activities.

35. Plaintiff engaged in protected activities when he brought an EEOC charge of discrimination regarding the previous employment actions of his employer, and when he protested to management about illegal discrimination, reprisal, and harassment in the workplace.

36. Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C.A. § 2000e-3(a) and the other statutory authorities identified above, by engaging in a continuing course of conduct which has included, but is not limited to, at least some of the acts alleged in this Complaint.

37. As a proximate result of Defendant's discrimination through reprisal against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits and has suffered, and continues to suffer, embarrassment, humiliation, and mental anguish, all to her damage in an amount according to proof.

38. As a result of Defendant's discriminatory acts as alleged in this Complaint, Plaintiff is entitled to attorneys' fees and costs of suit as provided by 42 U.S.C.A. § 2000e-5(k).

## SECOND CLAIM FOR RELIEF
### DISCRIMINATION BASED ON DISABILITY

39. Plaintiff incorporates paragraphs 1 through 38 inclusive, as though fully set forth here.

40. Plaintiff is a member of a protected class based on his disability.

41. At all relevant times, Plaintiff was employed by Defendant in a position for which he was qualified and performed his duties in a satisfactory manner.

42. Upon information and belief, Plaintiff has been purposefully excluded from training opportunities and other benefits of employment because of his disability status.

43. Upon information and belief, Plaintiff has been subjected to employment adverse action reports and discipline because of the animus of his supervisor to him because of his disability.

44. Plaintiff has been subjected to negative, demeaning, and humiliating remarks regarding his need for medical care due to his disability.

45. Upon information and belief, making negative, demeaning, and humiliating remarks, and/or engaging in conduct designed to belittle Plaintiff was intended and discourage plaintiff from any participation in the activities of his employer, and to eventually drive him from employment.

46. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages, lost opportunities for advancement, emotional distress, and other compensable damages.

47. Defendant's conduct was willful, malicious, and/or undertaken with reckless disregard for Plaintiff's federally and locally protected rights, justifying

7

an award of compensatory and punitive damages, as well as attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
#### AGE DISCRIMINATION IN EMPLOYMENT

48. Plaintiff incorporates paragraphs 1 through 47 inclusive as though fully set forth here.

49. The Defendant's conduct in excluding Mr. Artero from participating in training and skill development events in favor of including younger employees constitutes intentional discrimination against Mr. Artero because of his age.

50. The Defendant's action toward plaintiff as here described was willful and based in determinative part on the age of such plaintiff in violation of rights secured to the Plaintiff by 29 U.S.C.A. § 623(a)

51. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered lost wages, lost opportunities for advancement, emotional distress, and other compensable damages.

### FOURTH CLAIM FOR RELIEF
#### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff incorporates paragraphs 1 through 51 inclusive as though fully set forth here.

53. Defendant subjected Plaintiff to intentional infliction of emotional distress and outrageous conduct resulting in mental anguish.

### JURY REQUEST

Plaintiff hereby Requests a Jury Trial in the above-captioned matter.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Enter a declaratory judgment finding that the Defendant has violated the rights secured to Plaintiff by Title VII of the Civil Rights Act, to be free of employment discrimination.

2. Enter a declaratory judgment, pursuant to 42 U.S.C.A. § 12117, 29 U.S.C.A. §§ 794a, and 2000e-5(g), as Defendant has violated the rights secured to Plaintiff by 42 U.S.C.A. § 12112 (ADA), to be free of employment discrimination

3. Enter a declaratory judgment finding that the Defendant has violated 29 U.S.C.A. § 623 (a) and has done so willfully;

4. Order the Defendant to make the Plaintiff whole by reinstating him to an appropriate position and by awarding the Plaintiff full backpay and front pay; pre- and post-judgment interest; the monetary value of last wage increases, promotions and fringe benefits; the monetary value of losses to pension, social security and other retirement accounts, in an amount to be shown at trial.

5. Award Plaintiff compensatory and punitive damages for future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, in an amount to be shown at trial.

6. Award to Plaintiff the costs of this action, including expert witness fees, and taxed against the Defendant.

7. Award the Plaintiff reasonable attorney's fees.

8. Award the Plaintiff interest on any action at the statutory rate

9. Enter an Order for such further and other relief that this court may

9

deem necessary and proper, including any affirmative relief that is necessary to eliminate the effect of the discriminatory practices complained of or any affirmative relief that is necessary to make the Plaintiff whole.

*Respectfully submitted* this 28th day of May 2025, at Hagatna, Guam.

RAZZANO WALSH & TORRES, P.C.


By: /S/ Joshua D. Walsh
    **JOSHUA D. WALSH**
    *Attorneys for Plaintiff*
    *Patrick Artero*